89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Melvin PERSKY, a/k/a Melvin R. Slager, Defendant-Appellant.
 No. 95-1053.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1996.
 
 Before: NELSON and SILER, Circuit Judges; WISEMAN, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant, Melvin Persky, a/k/a Melvin R. Slager[1], appeals his conviction entered pursuant to his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On appeal, Persky contends that the district court erred when it failed to comply with Rule 11 of the Federal Rules of Criminal Procedure and when it denied his motion to suppress. For the reasons stated herein, we affirm Persky's conviction.
 
 I.
 
 2
 The Bureau of Alcohol, Tobacco and Firearms executed a federal search warrant for Persky's residence on January 16, 1991. The search uncovered 34 firearms, along with a number of documents indicating that Persky resided at the address.
 
 
 3
 Persky first contends that the district court failed to comply with Rule 11 in that it failed to ensure there was a factual basis for his guilty plea. Additionally, he contends the district court failed to adequately explain the charge in the indictment. These contentions are without merit.
 
 
 4
 "Rule 11 of the Fed.R.Crim.P. has been carefully drafted and amended to the end that the guilty plea process be precise to make certain that a defendant pleading guilty understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with the full understanding of the nature of the crime charged and the consequences of his guilty plea and that there is a factual basis for the crime to which the plea is being offered." United States v. Goldberg, 862 F.2d 101, 106 (6th Cir.1988). "A technical failure to comply with Rule 11 does not ... require vacation of a plea and opportunity for a new plea." United States v. Syal, 963 F.2d 900, 904 (6th Cir.1992) (citation omitted). This court reviews compliance with Rule 11 under a harmless error standard. Id. (citations omitted).
 
 
 5
 During a Rule 11 hearing, when explaining the nature of the charges against the defendant, the court must take into consideration "both the complexity of the charge and the sophistication of the defendant." United States v. DeFusco, 949 F.2d 114, 117 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992) (citation omitted). "Although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, the defendant need not receive this information at the plea hearing itself. Rather, a guilty plea may be knowingly and intelligently made on the basis of detailed information received on occasions before the plea hearing.' " Id. (citations omitted). Further, "[i]n a simple case the district court may need only to read the indictment and allow the defendant to ask questions about the charge." Syal, 963 F.2d at 904-05 (citation omitted).
 
 
 6
 When Persky appeared to enter his guilty plea, he was represented by counsel. He was sworn and advised of the potential consequences of giving false testimony. He testified that his attorney had explained the nature of the charge against him and he had received a copy of the indictment which he had gone over with his attorney. Persky advised that he had no questions about the charge against him. The district court then fully explained the elements of the charge and Persky advised the court that he understood the nature of the charge and wanted to plead guilty thereto. Persky also testified that he had read the written Rule 11 agreement and understood the terms and conditions contained therein. The written Rule 11 agreement also contained a recitation of the elements of the offense and the basis of the charge. Further, during the hearing, Persky admitted to actual possession of the firearms. Consequently, there was more than sufficient evidence on which the trial court could base the possession element of the offense.[2] Further, as this charge is a very simple one, the district court was required to do no more than "read the indictment and allow the defendant to ask questions about the charge." Syal, 963 F.2d at 905 (citation omitted).
 
 II.
 
 7
 Persky also contends that the district court erred when it denied his motion to quash the search warrant and suppress the evidence. When Persky made his motion to suppress before the district court, he claimed the supporting affidavit was defective because (1) the information was stale and (2) the affidavit failed to show a reason to believe that the materials to be sought were on the property to be searched. The government filed a responsive pleading with a supporting memorandum. The district court concluded that an evidentiary hearing was unnecessary and after due consideration denied Persky's motion.
 
 
 8
 Persky waived this claim of error when he entered his unconditional guilty plea. He did not reserve a right to appeal the court's ruling on his suppression motion either before entry of his plea, before his sentencing or at the sentencing hearing under Rule 11(a)(2). The district court provided all information delineated by Rule 11(c) before accepting his guilty plea. Since United States v. Pickett, 941 F.2d 411 (6th Cir.1991), this court has consistently held that an unconditional guilty plea without preserving the district court's disposition of a motion to suppress for appellate review bars appellate review of the district court's decision regarding the motion to suppress. Consequently, this court lacks jurisdiction to consider the merits of Persky's claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Persky testified at the Rule 11 hearing that he was named Melvin Richard Persky at birth, but he had changed his surname to Slager seven years earlier. The probation officer was unable to confirm that Persky had legally changed his name
 
 
 [2]
 Persky does not contest that he is a convicted felon or that the firearms traveled in interstate commerce