42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Renard BROWN, Ronald Brown, Antwan Rushin, Derrick Robinson,
Stanford Coleman, Wesley Brown, and Mark White,
Defendants-Appellants.
 Nos. 93-3340, 93-3341, 93-3350, 93-3365, 93-4017, 93-4231.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants pled guilty to conspiracy to distribute crack cocaine and use of a firearm in a drug trafficking offense in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 924(c). Defendant Stanford Coleman also pled guilty to possession of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 860. On appeal, defendants assign several errors: (1) defendants argue that the District Court abused its discretion by denying their motions to withdraw their guilty pleas; (2) defendants Rushin, Wesley Brown and Renard Brown argue that there was not a sufficient factual basis to support their guilty pleas; (3) defendant Stanford Coleman argues that the District Court impermissibly participated in plea negotiations; (4) defendant Stanford Coleman also argues that the District Court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to inform him that his sentence could include supervised release; and (5) defendants Ronald Brown, Wesley Brown and Stanford Coleman argue that the District Court erroneously applied the United States Sentencing Guidelines ("U.S.S.G.") when calculating their sentences. For the following reasons, we affirm.
 
 I. Facts
 
 2
 Defendants were indicted on November 26, 1991 for multiple counts of conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. Sec. 846; multiple counts of use of a firearm in a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c); and substantive drug offenses in violation of 21 U.S.C. Secs. 841(a)(1), 860 and 861 and 18 U.S.C. Sec. 2. Defendant Renard Brown was also charged with money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(A)(1). On November 24, 1992, after three weeks of trial, all of the defendants except Stanford Coleman entered guilty pleas pursuant to written plea agreements. On December 3, 1992, Stanford Coleman entered a guilty plea without a plea agreement. Several months after the guilty pleas were entered, all defendants except Mark White moved to withdraw their guilty pleas. The District Court denied all motions after holding hearings, and sentenced defendants to 21 years incarceration and five years supervised release pursuant to the recommendation in the plea agreements.
 
 II. Withdrawal of Pleas
 
 3
 Federal Rule of Criminal Procedure 32(d) states that a district court may permit a defendant to withdraw a plea of guilty before sentencing "upon a showing by the defendant of any fair and just reason." We review a district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. See United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). A defendant has the burden of establishing that his motion to withdraw his plea should be granted. Id. "[T]he district court is afforded a broad range of discretion in determining whether to grant such a motion." Id.
 
 
 4
 To determine whether a defendant's reason for withdrawing a guilty plea is "fair and just," a district court may consider the following factors:
 
 
 5
 (1) whether the movant asserted a defense or whether he has consistently maintained his innocence;
 
 
 6
 (2) the length of time between the entry of the plea and the motion to withdraw;
 
 
 7
 (3) why the grounds for withdrawal were not presented to the court at an earlier time;
 
 
 8
 (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he had admitted his guilt; and
 
 
 9
 (5) potential prejudice to the government if the motion to withdraw is granted.
 
 
 10
 United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988). A district court, however, is not required to specifically refer to these factors. Id. at 104. Additionally, a district court need not consider prejudice to the government if a defendant failed to articulate a fair and just reason for withdrawing the pleas. See United States v. Triplett, 82 F.2d 1195, 1198 (6th Cir.1987).
 
 
 11
 Defendants offer several reasons why they should be allowed to withdraw their pleas. First, defendants argue that they did not enter their pleas knowingly and voluntarily because they did not understand the conspiracy charge. Federal Rule of Criminal Procedure 11(c)(1) requires a district court to determine that the defendant understands the nature of the charges against him. A review of the transcript of the hearing reveals that the District Court carefully explained the term "conspiracy," the nature of the conspiracy charge, and each of its elements to defendants.
 
 
 12
 Second, defendants claim that their pleas were the result of pressure from codefendants and their counsel. Defendants claim that they were psychologically coerced into entering pleas because their attorneys repeatedly emphasized the long jail sentences each would face if found guilty of all charges. Information about the consequences of conviction, however, is necessary to make an informed choice about pleading guilty and certainly does not render a plea involuntary. See Brady v. United States, 397 U.S. 742, 751 (1969) ("We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.").
 
 
 13
 Third, defendants Coleman and Wesley Brown argue that their pleas were not voluntary because of ineffective assistance of counsel. Defendant Coleman argues that his counsel told him that he could not take the stand, that he faced life imprisonment if convicted, and that he would surely be convicted because he is black. A review of the plea hearing transcript, however, reveals that defendant's plea was voluntary, that defendant expressed satisfaction with his counsel at the plea hearing, and that defendant was informed at the plea hearing of the rights he forfeited by pleading guilty.
 
 
 14
 Defendant Wesley Brown claims that when he entered his plea he believed that his sentence would be based on 17 grams of crack cocaine, rather than the 128 grams stipulated in the plea agreement. At defendant's plea hearing, however, he stated that he understood the plea agreement, that the District Court was not bound by this recommendation, and that the District Court would determine his sentence based upon a report prepared by the probation department.
 
 
 15
 Before denying defendants' motions, the District Court considered the factors listed in Goldberg in conjunction with the reasons offered by defendants for withdrawing their pleas. The District Court concluded that defendants failed to articulate "fair and just" reasons for withdrawing their pleas. The District Court noted that defendants all waited a significant amount of time before attempting to withdraw their pleas and did not maintain their innocence. Additionally, the District Court found that the government would be substantially prejudiced because defendants pled guilty several weeks into a trial with a large number of witnesses. Accordingly, we conclude that the District Court did not abuse its discretion by denying defendants' motions to withdraw their pleas.
 
 III. Sufficiency of Facts
 
 16
 Defendants Antwan Rushin, Wesley Brown and Renard Brown argue that the District Court failed to elicit sufficient facts to support their guilty pleas. Federal Rule of Criminal Procedure 11(f) states that a district court should not enter a judgment upon a guilty plea "without making such inquiry as shall satisfy it that there is a factual basis for the plea." A district court "may determine the existence of the Rule 11(f) factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant." Goldberg, 862 F.2d at 105.
 
 
 17
 The District Court had many sources of information from which to ascertain the factual basis for defendants' plea agreements: defendants' statements at the plea hearing, the factual stipulations of the plea agreement, and the evidence the District Court heard during weeks of trial. See United States v. Syal, 963 F.2d 900, 907 (6th Cir.1992) ("The district judge could rely on the testimony during the Government's case against Syal to establish the factual basis of the plea when that testimony was combined with Syal's answers to the Government's questions whether Syal had committed certain acts."). We, therefore, conclude that defendants' claim is without merit.
 
 IV. Participation in Plea Negotiations
 
 18
 Defendant Coleman argues that the District Court impermissibly participated in the plea negotiation. Defendant points to two incidents. First, Coleman argues that the District Court stated that it would not allow him to plead guilty pursuant to the same agreement that the other defendants entered. Under Federal Rule of Criminal Procedure 11(e)(C)(4), however, the District Court may reject a plea agreement. Second, Coleman argues that the District Court participated in plea negotiations by striking one of the counts after determining that there was not a factual basis. The District Court has an obligation to ensure that there is a factual basis for a plea. Fed.Rules of Crim.Proc. 11(f). Although it would have been preferable for the District Court to wait for the government to dismiss the count rather than dismissing it sua sponte, to the extent it was error, it was harmless error. We, therefore, conclude that the District Court did not participate in plea negotiations.
 
 V. Failure to Inform of Supervised Release
 
 19
 Defendant Coleman also argues that the District Court violated Rule 11(c)(1) of the Federal Rules of Criminal Procedure by failing to inform defendant that his sentence could include a period of supervised release. Rule 11(c)(1) requires a district court to inform a defendant of "the maximum possible penalty provided by law, including the effect of any special parole or supervised release term." A district court's failure to fully comply with Rule 11 is considered harmless if it "did not affect substantial rights." Fed.R.Crim.P. 11(h).
 
 
 20
 Defendant argues that the District Court's failure to advise him of the term of supervised release affected his substantial rights because a violation of the provisions of supervised release may result in additional incarceration beyond the sentence imposed. In United States v. Syal, 963 F.2d 900 (6th Cir.1992), this Court held that a district court's failure to inform a defendant of the possibility of supervised release was not harmless error for this reason. We noted in Syal, however, that "in some circumstances a court's failure to notify the defendant that a sentence will include supervised release may be harmless error." Id. at 905. Specifically, "[s]ubstantial rights may not be affected when a defendant is informed of the maximum penalty and that penalty markedly exceeds the penalty the defendant received, including the period of supervised release and any additional incarceration time that might result from violation of supervised release condition." Id. at 906. See also United States v. Barry, 895 F.2d 702 (10th Cir.), cert. denied, 496 U.S. 939 (1990) (failure to inform defendant of supervised release was harmless error where court told defendant of maximum 40 years sentence and sentenced him to six years imprisonment and five years supervised release). In the case at hand, the maximum penalty, life imprisonment, significantly exceeds defendant's sentence of 21 years incarceration and the possibility of an additional five years imprisonment if defendant violates the conditions of supervised release. See 18 U.S.C. Sec. 3583(e)(3). Accordingly, we find that the District Court's failure to inform defendant of the possibility of supervised release is harmless error.
 
 VI. Application of the Sentencing Guidelines
 
 21
 Defendants Coleman, Ronald Brown and Wesley Brown challenge the calculation of their sentences. Ronald Brown and Wesley Brown argue that 128 grams should not be attributed to them. Both of their plea agreements stipulated to 128 grams, and there was ample evidence to support attributing this quantity of drugs to defendants.
 
 
 22
 Stanford Coleman contends that he should not have received an enhancement for being an organizer for selling near a school, and that there was no evidence to support the 924(c) violation. He pled guilty, however, to use of a firearm in a drug offense and selling drugs within 1000 feet of a school. Additionally, there is ample evidence to support his enhancement for being an organizer. Further, the twenty-one year sentence he received was six years less than the government's twenty-seven year recommendation.
 
 
 23
 We, therefore, find defendants' arguments without merit.
 
 VII. Defendant White
 
 24
 Defendant Mark White never filed a motion to withdraw his guilty plea, and suggests no reasons why his plea was invalid. We, therefore, find no error.
 
 VIII.
 
 25
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation