97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard S. ROTARU, Defendant-Appellant.
 No. 94-3823.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 In 1994, Richard S. Rotaru pleaded guilty to possessing marijuana for intended distribution, a violation of 21 U.S.C. § 841(a)(1). He was originally sentenced to 24 months of imprisonment, three years of supervised release and a $4,000 fine. On August 2, 1994, the district court amended this sentence, reducing Rotaru's term of actual incarceration to 21 months. His appeal from this judgment has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Rotaru's attorney has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised in this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). As a potential issue, counsel notes that the trial court did not advise Rotaru that he could be subject to "restraints on his liberty" beyond the statutory maximum sentence, if he violated the terms of his supervised release. Rotaru was served with counsel's motion to withdraw and brief, but he has not filed a response.
 
 
 3
 Counsel's suggested argument is unavailing. The trial court properly advised Rotaru that he was subject to a maximum statutory term of five years of imprisonment, in addition to at least two years of supervised release. The court also advised Rotaru that he would be subject to an additional term of incarceration if he violated the terms of his supervised release. Thus, Rotaru was adequately advised regarding the direct consequences of his plea. See King v. Dutton, 17 F.3d 151, 153-54 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994).
 
 
 4
 The court committed no more than harmless error by failing to advise Rotaru of the specific amount of additional incarceration that might be imposed if his supervised release were revoked, as the total amount of actual incarceration that was possible fell well below the five-year statutory maximum of which Rotaru was advised at his re-arraignment. See United States v. Bashara, 27 F.3d 1174, 1178-80 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995); United States v. Syal, 963 F.2d 900, 906 (6th Cir.1992). Moreover, Rotaru was advised that his liberty might be restrained in some manner for a total of seven years if he pleaded guilty. This seven-year period exceeds the total amount of time that Rotaru's liberty may be restrained, even if his 21 month sentence of actual incarceration is added to the two years of supervised release that was imposed and the two year maximum amount of additional incarceration that might be imposed if supervised release were revoked.
 
 
 5
 The re-arraignment transcript indicates that Rotaru's guilty plea was otherwise intelligent and voluntary. The plea was also consistent with a written plea agreement that he had signed. Thus, the record reveals no arguable claim regarding the validity of Rotaru's conviction.
 
 
 6
 A presentence investigation report indicated that Rotaru had a total offense level of 15 and a criminal history category of II, yielding a sentencing range of 21 to 27 months of incarceration. Rotaru objected to some of the factual statements in this report, but none of these objections affected the calculation of his offense level, criminal history category or sentencing range. In the absence of plain error, Rotaru has waived any other arguments that he might have by failing to raise them at the sentencing hearing. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). No other potential error is apparent from the present record.
 
 
 7
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.