**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence Michael GOTTLIEB,**
**Defendant–Appellant.**

No. 01–1768.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Lawrence Michael Gottlieb appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Gottlieb pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced Gottlieb to nine months of imprisonment and two years of supervised release, and the court imposed a $100 special assessment and ordered Gottlieb to pay restitution in the amount of $24,103. In this timely appeal, Gottlieb's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he argues that: 1) the district court improperly determined that Gottlieb knowingly and voluntarily entered his guilty plea; and 2) the district court improperly sentenced Gottlieb. Gottlieb has not responded to his counsel's motion to withdraw.

■■■ Upon review, we conclude that the district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Gottlieb knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal*, 963 F.2d 900, 904 (6th Cir.1992).

The court met the requirements of Rule 11. The court carefully explained the rights that Gottlieb was waiving and determined that Gottlieb was freely and voluntarily entering his plea. The court noted the potential statutory maximum sentences and indicated the applicability of the Sentencing Guidelines. The Assistant United States Attorney described the terms of the plea agreement. Gottlieb set forth the factual basis underlying his plea, acknowledged committing this conduct, and admitted his guilt of the offense. Consequently, the record reveals that Gottlieb knowingly and voluntarily pleaded guilty.

■■■ The district court also properly sentenced Gottlieb. The parties agreed that Gottlieb had a Total Offense Level of 10 and a Criminal History Category of I, which resulted in a sentencing range of six to twelve months of imprisonment. The district court's nine-month sentence fell in the middle of this range. Gottlieb acknowledges that the district court properly calculated his Guidelines range and that his sentence fell within that range. Consequently, Gottlieb cannot appeal this sentence, *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994), and this court lacks jurisdiction to review any challenge to the sentence. *United States v. Epley*, 52 F.3d 571, 580 (6th Cir.1995).

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.