**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**The Minh TRINH, also known as**
**Tan Minh Trinh, Defendant–**
**Appellant.**

**No. 00–3408.**

United States Court of Appeals,
Sixth Circuit.

May 15, 2002.

Before NELSON, SILER, and CLAY, Circuit Judges.

## ORDER

The Minh Trinh, proceeding pro se, appeals a district court judgment granting in part and denying in part his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Trinh pleaded guilty to possession of counterfeit securities in violation of 18 U.S.C. § 513(a). At sentencing, the district court departed upwards eight levels to reach the statutory maximum, and imposed a sentence of 120 months of imprisonment, to be followed by three years of supervised release. A panel of this court affirmed Trinh's conviction and sentence on appeal. *United States v. Trinh,* Nos. 97–3243, etc., 1998 WL 399623 (6th Cir. June 10, 1998).

Thereafter, Trinh filed a § 2255 motion, arguing that: 1) counsel rendered ineffective assistance in various respects; and 2) his guilty plea is invalid because the court did not advise Trinh of the effects of supervised release. Upon review, the district court concluded that it had erred by not advising Trinh of the effects of supervised release, but determined that any prejudice to Trinh could be avoided by resentencing him in a manner that would prevent him from serving more than the maximum sentence. The district court also concluded that Trinh's ineffective assistance of counsel claim lacked merit. Hence, the court granted the § 2255 motion in part, denied the motion in part, and ordered Trinh to be resentenced. Trinh was eventually resentenced to 120 months of imprisonment without supervised release. The court granted Trinh a certificate of appealability (COA) as to the following issue: whether the district court's decision to resentence Trinh without imposing a term of supervised release was sufficient to remedy any prejudice suffered by Trinh as a result of his alleged invalid guilty plea. This court denied Trinh a COA as to any other claims.

In his appellate brief, Trinh argues that he is entitled to have his conviction vacated because his guilty plea is invalid. He also argues that the court erred when it refused to grant him a departure under USSG § 5G1.3, that the court improperly failed to address/grant his motion for recusal, and that the court improperly enhanced his offense level based on perjury.

Initially, we decline to review Trinh's claims that the court erred when it refused to grant him a § 5G1.3 departure, that the court improperly failed to address his recusal motion, and that the court improperly enhanced his offense level. First, none of these claims were certified for appeal by either the district court or this court. Second, Trinh did not present these claims in the district court, and this court will only address such claims under exceptional circumstances. *Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances are present in this case.

Upon review, we conclude that the district court's decision to resentence Trinh without imposing a term of supervised release was sufficient to remedy any prejudice suffered by Trinh as a result of the Fed.R.Crim.P. 11(c) violation. The appropriateness of district court's re-sentencing of Trinh to a term of imprisonment for the statutory maximum without supervised release is reviewed under the harmless error standard. *See* Fed.R.Crim.P. 11(h); *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992). Where a district court's failure to inform a defendant of the effects of supervised release affects a defendant's substantial rights, a defendant

may be allowed to withdraw a guilty plea. *Syal*, 963 F.2d at 904. However, if substantial rights are not affected, then a district court's failure to inform a defendant is harmless error. *See United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir.1990). Moreover, failure to inform a defendant of the effects of violating supervised release is harmless error, if the defendant's additional incarceration for violation of supervised release would result in a total incarceration for less than the statutory maximum sentence for his offenses. *See United States v. Alber*, 56 F.3d 1106, 1109 (9th Cir.1995); *United States v. Raineri*, 42 F.3d 36, 42 (1st Cir. 1994).

The district court took appropriate action to remedy its error when it resentenced Trinh without imposing a term of supervised release. First, the district court acted within its discretion to sentence Trinh without supervised release because the statute under which he was convicted, 18 U.S.C. § 513, does not require the imposition of a term of supervised release. The district court also relied on the "special circumstances" present in this case (i.e., Trinh's eventual deportation following release from prison) when it declined to impose supervised release. Second, because the court had informed Trinh that his sentence would include a term of supervised release, its decision to resentence him without supervised release renders its previous error harmless. This is so because having at least informed Trinh of supervised release, the court could remedy the failure of explaining the effect of supervised release by re-sentencing him so that he would not face the danger of serving more than the maximum of ten years of which the court had advised him. *See Alber*, 56 F.3d at 1109; *Raineri*, 42 F.3d at 42.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.