**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Oscar BLANCO–GASPITA,
Defendant–Appellant.**

No. 01–2685.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

Oscar Blanco–Gaspita, a federal prisoner proceeding through counsel, appeals his conviction for violating 8 U.S.C. § 326(a)(2) and (b)(2) by re-entering the United States after being deported for committing an aggravated felony. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 1, 2001, a grand jury indicted Blanco–Gaspita on the above charge. A trial initially was scheduled for July 9, 2001, but was adjourned until July 30, 2001, to permit defense counsel and Blanco–Gaspita to discuss a plea offer. Blanco–Gaspita rejected the offer and, on the morning of trial, orally moved for the appointment of new counsel. Counsel also moved to withdraw. The district court denied the motions, defense counsel moved for a short recess, and Blanco–Gaspita then pleaded guilty without benefit of a written plea agreement. Blanco–Gaspita was sentenced to 70 months in prison.

In his timely appeal, Blanco–Gaspita argues that the district court erroneously denied his motion for the appointment of new counsel and that he pleaded guilty involuntarily.

This court reviews for an abuse of discretion the district court's denial of a motion to withdraw or substitute new counsel. *United States v. Mack,* 258 F.3d 548, 556 (6th Cir.2001); *United States v. Williams,* 176 F.3d 301, 314 (6th Cir.1999). When reviewing the denial of a motion for new appointed counsel, this court considers: the timeliness of the motion, the adequacy of the district court's inquiry into the matter, whether the conflict between the defendant and the attorney was so great as to cause a total lack of communication and prevent an adequate defense, and the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *Mack,* 258 F.3d at 556; *Williams,* 176 F.3d at 314.

The district court properly denied the motion. First, a motion for new counsel presented on the day of trial is not timely. *See Williams,* 176 F.3d at 314 (motion presented two weeks before trial was untimely). Second, the district court conducted an adequate inquiry. The district court permitted both defense counsel and Blanco–Gaspita to address the court, specifically asked whether Blanco–Gaspita needed anything explained about the charges or how to proceed for the defense, and then concluded that there was no evidence of insufficient communication, that Blanco–Gaspita merely wished to delay the trial to see if the sentencing laws would change, and that the request was to delay the trial for no legitimate purpose. Third, there was no total breakdown in communication between counsel and Blanco–Gaspita. Counsel had discussed the plea offer

with him in late June, had been in contact with Blanco–Gaspita's wife, and had discussed the trial for an hour and one-half the previous day. Any lack of communication between counsel and Blanco–Gaspita before trial apparently was caused by Blanco–Gaspita's transfer to another prison and the prison's processing period, rather than ill will. Thus, none of the previous factors outweighed the public's interest in the prompt and efficient administration of justice.

Blanco–Gaspita next contends that his guilty plea was involuntary because the court effectively coerced him into pleading guilty by not appointing substitute counsel, because a sufficient factual basis did not exist, and because he had articulated a complete defense, the defense of duress.

Rule 11 of the Federal Rules of Criminal Procedure sets forth the proper procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal*, 963 F.2d 900, 904 (6th Cir.1992). This court reviews compliance with Rule 11 under a harmless error standard. *Id.*

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. The court confirmed that Blanco–Gaspita was satisfied that the amount of time he had received to speak with his attorney allowed him to fully understand the proceedings. The court then advised him of his right to a trial, and ensured that he understood the indictment. After the government read the indictment, the court advised Blanco–Gaspita of the maximum sentence and asked whether anyone had threatened him. Finally, the court asked Blanco–Gaspita about the offense itself. There was no error in this regard and Blanco–Gaspita's arguments to the contrary lack merit. The record does not support any claim of coercion. *See United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.1993) ("a defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge"). A sufficient factual basis was established through the reading of the indictment and the admission of the facts by Blanco–Gaspita. *See Williams,* 176 F.3d at 313. Finally, the validity of the guilty plea means that Blanco–Gaspita has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The district court had no obligation to ask Blanco–Gaspita to waive any defense, nor did Blanco–Gaspita's claim of duress override his admission of guilt. *See United States v. Broce,* 488 U.S. 563, 573–74, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

Accordingly, the district court's judgment is affirmed.