**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felicia JOHNSON, Defendant–Appellant.**

No. 02–3404.

United States Court of Appeals, Sixth Circuit.

March 10, 2003.

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District

---

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

Felicia Johnson appeals her conviction and sentence for conspiracy to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

of Michigan, sitting by designation.

Johnson and seven others were charged in a multi-count indictment with assorted drug and weapons offenses. Pursuant to a written plea agreement, Johnson pleaded guilty on October 25, 2001, to the conspiracy count described above and agreed to cooperate in exchange for the dismissal of the other counts against her. The probation officer prepared a presentence investigation report (PSR) and calculated Johnson's offense level as 24 and her criminal history category as VI. The offense level resulted in part from an enhancement for possession of a firearm and reductions for minor role in the offense and acceptance of responsibility. *See* USSG §§ 2D1.1(b)(1), 3B1.2, and 3E1.1(b)(2). Johnson filed objections to the PSR, challenging the firearm enhancement and arguing that the criminal history category overstated her criminal history. The government filed no objections, but instead filed a motion for a downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). At sentencing, the district court overruled Johnson's objection to the firearm enhancement, granted her objection to her criminal history category, and granted the government's motion for a downward departure. Johnson's criminal history category thus was reduced to V and her offense level was reduced to 18, resulting in a guideline range of imprisonment of 57 to 63 months. The district court opted to sentence Johnson in the middle of the range to 60 months in prison and 5 years of supervised release.

Johnson's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether Johnson's plea and sentence were entered in accordance with law, whether the court erred by not further departing downward, and whether the firearm enhancement was proper. Johnson has not filed a response, despite being advised of her right to do so.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief. In the brief, counsel raises the only issues deemed arguable and properly concludes that no relief is warranted.

Johnson's plea was valid. Rule 11 of the Federal Rules of Criminal Procedure sets forth the proper procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal*, 963 F.2d 900, 904 (6th Cir.1992).

█ A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. The court informed Johnson of the charge, the elements, and statutory sentencing range, and then advised her of the rights she was waiving. The court also confirmed that Johnson understood the plea agreement. Finally, the court had the government present the factual basis for the crime and found that Johnson was knowingly and voluntarily entering a guilty plea.

Johnson was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable

guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994). Johnson's sentence falls within none of these categories.

The transcript of the sentencing hearing reflects that Johnson and her counsel were present and were given ample opportunity to comment on the PSR and that Johnson received all possible benefits from the agreement. The parties had agreed that Johnson was eligible for a minor role reduction, that the government would not oppose a reduction for acceptance of responsibility, and that the government would consider moving for a downward departure in exchange for Johnson's cooperation. As noted above, the district court permitted both reductions and granted the downward departure motion. No error is apparent.

More specifically, the district court did not err by imposing the firearms enhancement. Section 2D1.1(b)(1) of the Sentencing Guidelines permits a two-point sentencing enhancement for possession of a firearm during a drug-trafficking crime. Before the sentencing court may impose the enhancement, the government must prove by a preponderance of the evidence that the defendant possessed the firearm during the drug-trafficking offense. *United States v. Saikaly,* 207 F.3d 363, 368 (6th Cir.2000). The burden then shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense. *Id.*

■ Johnson did not object to the portions of the PSR which indicated that an undercover agent noticed pistols at the feet of people cutting or selling crack in the apartment where Johnson stood guard. Johnson in fact acknowledged the existence of weapons in the apartment. Thus, both Johnson and the firearms were present in the apartment in connection with the drug offense. *See United States v. Kincaide,* 145 F.3d 771, 784 (6th Cir.1998). The enhancement is proper, even though she never handled the pistols, because the possession of the firearms by her co-conspirators was reasonably foreseeable conduct. *See United States v. Chalkias,* 971 F.2d 1206, 1217 (6th Cir.1992).

Counsel's argument challenging the extent of the downward departure is not reviewable. While a criminal defendant may appeal an upward departure, *Koon v. United States,* 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), she may not appeal the extent of a downward one. *United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.