**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ngozi NWANGWU, Defendant–Appellant.**

No. 03–1649.

United States Court of Appeals, Sixth Circuit.

June 21, 2004.

Kenneth R. Chadwell, Jr., U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Ngozi Nwangwu, Milan, MI, pro se.

Alvin C. Sallen, Bingham Farms, MI, for Defendant–Appellant.

Before: KRUPANSKY, RYAN, and COLE, Circuit Judges.

*ORDER*

Ngozi Nwangwu, a federal prisoner proceeding through counsel, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Nwangwu pleaded guilty in 2002 to conspiracy to distribute 850 grams of heroin. The plea agreement provided that Nwangwu waived his right to appeal his conviction and sentence, unless his sentence exceeded 121 months in prison. His guidelines range of imprisonment was calculated to be 108 to 135 months, based upon a total offense level of 29 and a criminal history category of III. At sentencing, the district court sentenced Nwangwu to 108 months in prison and 4 years of supervised release.

Nwangwu's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal as Nwangwu's plea was valid, as his claim of ineffective assistance would be raised in a 28 U.S.C. § 2255 proceeding, as his offense level was properly enhanced due to his supervisory role, and as he had waived his right to appeal. Nwangwu was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as he has filed an acceptable *Anders* brief.

Nwangwu entered a valid plea. Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal*, 963 F.2d 900, 904 (6th Cir.1992). Where a defendant does not object to a Rule 11 violation at the plea hearing, this court reviews the plea for plain error. *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. The court explained Nwangwu's constitutional rights, the charge, the possible penalties, and its obligation to apply the Sentencing Guidelines. *See* Fed.R.Crim.P. 11(b)(1). Nwangwu confirmed that he was voluntarily entering a plea and was waiving his appellate rights. *See* Fed.R.Crim.P. 11(b)(2). The government then summarized the plea agreement. Nwangwu acknowledged the factual basis for the offense, *see* Fed.R.Crim.P. 11(b)(3), and the court concluded by accepting Nwangwu's plea. There was no error in this regard. The validity of the guilty plea means that Nwangwu has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

We decline to consider Nwangwu's remaining arguments because Nwangwu waived his right to appeal his conviction or sentence. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir.1995). Nothing in the district court record suggests that Nwangwu's assent to the waiver provision was unknowing or involuntary.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.