NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0726n.06

No. 11-4051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 05, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　ON APPEAL FROM THE UNITED
　　　　　　　　　　　　　　　　　　)　STATES DISTRICT COURT FOR
CHARLES S. WEATHERSPOON,　　　　　　)　THE NORTHERN DISTRICT OF
　　　　　　　　　　　　　　　　　　)　OHIO
　　　　Defendant-Appellant.　　　　 )

Before:　MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.　Charles S. Weatherspoon, who is represented by counsel, appeals his judgment of conviction.

In May 2011, Weatherspoon pleaded guilty to attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 26, 2011, Weatherspoon filed a motion to withdraw his guilty plea. The district court denied the motion and sentenced him to 120 months of imprisonment.

On appeal, Weatherspoon argues that: 1) his guilty plea is invalid because the district court failed to inform him that he would be unable to withdraw his guilty plea if the court did not accept the government's recommendations as submitted in the plea agreement and because there was an insufficient factual basis for the guilty plea; and 2) the district court erred when it denied his motion to withdraw his guilty plea.

We review the validity of a guilty plea *de novo*. *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). In accordance with Federal Rule of Criminal Procedure 11, the district court "must

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005)). The record should reflect a full understanding of the direct consequences of the plea so that it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When no objection is raised before the district court, as in this case, we review an alleged violation of Rule 11 for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

The district court did not plainly err when it accepted Weatherspoon's guilty plea. Weatherspoon argues that the district court violated Rule 11(c)(3)(B) when it failed to warn him that he would be unable to withdraw his guilty plea in the event that the district court declined to follow the sentencing recommendations set forth in the plea agreement. He points specifically to the government's agreement to recommend a downward departure based on substantial assistance. Although the district court did not provide Weatherspoon with such a warning, "[a] technical failure to comply with Rule 11" does not require vacating the guilty plea. *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992). Instead, "a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *Vonn*, 535 U.S. at 59.

In this case, the plea agreement advised Weatherspoon that he would not be able to withdraw his guilty plea if the district court determined "that a reduction for substantial assistance is not warranted or [the court] refuses to depart the number of levels recommended by the parties." Moreover, Weatherspoon acknowledged that he had reviewed the entire plea agreement, discussed it with his attorney, and initialed each page of the agreement to show that he understood the provisions of the agreement. Weatherspoon was thus aware that he would be unable to withdraw his guilty plea if he was not sentenced pursuant to the parties' sentencing recommendations.

Weatherspoon has also failed to establish that the district court accepted his guilty plea in the absence of a sufficient factual basis for the plea. In determining whether a factual basis exists, we may examine all of the record, including proceedings that occurred before and after the plea hearing.

*McCarthy v. United States*, 394 U.S. 459, 463 n.6 (1969); *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996).

In challenging the sufficiency of the factual basis for his guilty plea, Weatherspoon argues that there was no support for the finding that he attempted to possess cocaine with the intent to distribute. The record reflects that in June 2008, the Ohio Highway Patrol conducted a traffic stop of a vehicle in which Weatherspoon was riding as a passenger. Weatherspoon subsequently admitted that approximately $10,000 found inside the car was intended to be used to purchase cocaine. Weatherspoon now argues that, at most, he was merely a passenger in a car being driven to a drug buy. However, a review of the plea transcript reflects that Weatherspoon acknowledged that he was guilty of the charged offense. The district court did not read the factual details contained in the indictment because Weatherspoon stated that he did not wish to have those facts read into the record. In addition, the government stated that at trial, it would have presented evidence that Weatherspoon was traveling in a vehicle in which $10,000 was found by agents of the Drug Enforcement Administration (DEA). Further, the evidence would have shown that Weatherspoon admitted to the DEA agents that the money was intended to be used to purchase twenty ounces of cocaine. This evidence provides a sufficient factual basis that Weatherspoon was guilty of the charged conduct.

Under these circumstances, any technical Rule 11 violation does not amount to plain error. A review of the plea transcript indicates that the district court substantially complied with the requirements of Rule 11 and properly determined that Weatherspoon's plea was voluntary. The record shows that Weatherspoon understood his constitutional rights, the nature of the crime charged, and the consequences of the guilty plea. Weatherspoon's guilty plea was valid.

Weatherspoon's valid guilty plea waives his right to appeal the district court's denial of his motion to withdraw his plea. *See United States v. Bradley*, 400 F.3d 459, 463–64 (6th Cir. 2005). During the plea hearing, the district court reviewed the plea agreement with Weatherspoon, including the provision in which he agreed to waive his right to pursue a direct appeal. There is nothing in the record to suggest that Weatherspoon's assent to the waiver provision was unknowing or involuntary.

Under these circumstances, Weatherspoon's waiver is valid. *See United States v. Murdock*, 398 F.3d 491, 496–99 (6th Cir. 2005).

The district court's judgment is affirmed.