**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Herman Eugene ASHBY, Defendant–**
**Appellant.**

No. 00–6068.

United States Court of Appeals,
Sixth Circuit.

April 27, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

This is a direct appeal from a judgment of conviction in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Herman Eugene Ashby was named in four counts of a seven count indictment in connection with drug and firearm offenses. Ashby subsequently entered into a plea agreement pursuant to which he was found guilty of: 1) conspira-cy to possess with intent to distribute co-caine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; 2) possession with intent to distribute cocaine base, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and, 3) unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Ashby to a total of 188 months imprisonment with a five year term of supervised release. This appeal followed.

Counsel for Ashby filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ashby was served with this motion and a copy of the brief and he was invited to respond, see *Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988), although he chose not to do so.

Ashby and another individual, Larry Mitchell, were named in the indictment for their joint participation in possessing cocaine base and for Ashby's possession of a firearm. Ashby entered into a comprehensive agreement in which he committed to plead guilty to the four counts in which he was named with a resulting sentencing exposure of five to 130 years imprisonment. The agreement also encompassed, in part, the government's commitments: 1) not to file a notice of sentencing enhancement under 18 U.S.C. § 851, 2) to recommend a sentence within the applicable guideline range and, 3) not to oppose any recommendation that Ashby's sentence should be reduced in recognition of his acceptance of responsibility.

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

Ashby and Mitchell appeared with separate counsel before the district court to enter their pleas. The court inquired extensively of Ashby and Mitchell as to their competence to enter the plea, their knowledge of the rights they were waiving, the terms of the agreement and the circumstances of their crimes. The court accepted the pleas from both defendants and set the cases over for sentencing.

At sentencing, Ashby and his counsel were confronted by a recommended 188–235 month guideline sentencing range based on a criminal history of VI and a base offense level of 31. The base offense level reflected a three point deduction in recognition of Ashby's acceptance of responsibility for his conduct and counsel for the government did not object to the reduction. Ashby's counsel did not make any objections to the range but did request a downward departure. Counsel argued that the criminal history category allegedly misrepresented the seriousness of Ashby's criminal record because several minor traffic offenses were included in the calculation. The district court rejected this request, offered Ashby a chance to speak (which Ashby declined), and proceeded to sentence Ashby to the lowest end of the range without objection from counsel for the government.

On appeal, counsel for Ashby sets forth two arguable issues for appellate review while conceding their lack of merit. First, counsel argues that Ashby may not have entered a fully informed, voluntary guilty plea. In addition, counsel states that the district court may have erred in declining to reduce Ashby's criminal history category when requested.

■ The record supports the conclusion that Ashby entered an informed, voluntary guilty plea. Fed.R.Crim.P. 11 sets forth the proper procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant pleading guilty understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. See *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. See *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992). This court reviews compliance with Rule 11 under a harmless error standard. *Id.*

■ A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. The court first ascertained that Ashby was competent to enter the plea. The court advised Ashby of the constitutional protections he was waiving by offering his plea and the court elicited the factual basis for the plea. There was no error in this regard. In addition, Ashby reviewed and approved the terms of the plea agreement, an agreement that accurately sets forth Ashby's constitutional rights and the precise sentencing exposure. The plea, therefore, is facially valid. The validity of the guilty plea means that Ashby waived any antecedent non-jurisdictional defects in his conviction. As such, Ashby may not challenge any such defects in the district court proceedings. See *Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

■ The second proffered arguable issue for review is also without merit. Counsel posits that the district court may have erred in declining to effect a downward departure and rejecting the argument that Ashby's criminal history category may have improperly over-represented the seriousness of Ashby's criminal past.

A sentencing court's failure to effect a departure from the guidelines range is generally not cognizable on appeal where the court properly computes the range, imposes a sentence that is not illegal or did not result from an incorrect application of the guidelines, and is not unaware that it had discretion to depart from the range. *United States v. Brannon,* 7 F.3d 516, 521–22 (6th Cir.1993). Under this standard, the district court's decision not to effect the requested departure should not be disturbed. The record reflects that the court knew it had the discretion to depart but considered, and rejected, the request on its merits.

 In addition, the argument has no merit. As a general rule, minor traffic offenses are not to be counted in computing a criminal history score. USSG § 4A1.2(c)(2). More serious traffic offenses are, however, properly considered in calculating a defendant's criminal history category. Among these more serious offenses are driving without a license or with a revoked or suspended license. USSG § 4A1.2(c)(1). An examination of Ashby's criminal record contained in the presentence report, a record to which Ashby did not object, shows that Ashby was convicted of at least thirteen offenses for driving with a suspended license. All of these convictions were properly counted, although not all were used in the calculation. Thus, the district court's underlying criminal history category calculation was correct and will not be disturbed. There are no other errors alleged or apparent in this appeal.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(c), Rules of the Sixth Circuit.