UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel BARAJAS, Defendant–
Appellant.

No. 03–1772.

United States Court of Appeals,
Sixth Circuit.

March 19, 2004.

John F. Salan, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.[*]

## ORDER

Manuel Barajas, a federal prisoner, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 12, 2003, a grand jury indicted Barajas on one count of illegally re-entering the United States after deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Barajas pleaded guilty as charged on March 17, 2003, pursuant to a written plea agreement. The probation officer then prepared a presentence investigation report (PSR), but neither party filed objections. Following a sentencing hearing, the district court sentenced Barajas to 66 months in prison, 3 years of supervised release, and a special assessment of $100.

Barajas's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal as the plea was knowingly and voluntarily made and as Barajas was properly sentenced. Barajas was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court. Counsel also moves to keep the PSR sealed, as ordered by the district court.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

■ First, Barajas entered a valid plea. Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal*, 963 F.2d 900, 904 (6th Cir.1992). This court reviews compliance with Rule 11 under a harmless error standard. *Id.*

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. Through an interpreter, the court explained the charge, the possible penalties, its obligation to apply the Sentencing Guidelines, and Barajas's constitutional rights. Barajas confirmed that he understood and was voluntarily entering a plea. Barajas then acknowledged the factual basis for the offense, and the court concluded by finding that Barajas was competent and accepting his plea. There was no error in this regard. The validity of the guilty plea means that Barajas has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

[*] The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Second, Barajas was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). Moreover, if a defendant does not object to sentencing errors at the time of sentencing, the defendant forfeits his right to raise the errors on appeal and this court will review the sentence only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

Barajas did not raise any objections at sentencing, and review of the sentence does not reveal any plain error. The transcript of the sentencing hearing reflects that Barajas and his counsel were present and were given ample opportunity to comment on the PSR. Barajas's total offense level was properly calculated as 21. His base offense level was 8, 16 points were added as a specific offense characteristic because he was sentenced to more than thirteen months for his aggravated felony conviction for drug-trafficking, and 3 points were subtracted for acceptance of responsibility. *See* USSG §§ 2L1.2(a), (b)(1)(A), and 3E1.1. Barajas's criminal history category was properly determined to be IV, based on 9 criminal history points. Three points each were assessed for two prior convictions with sentences exceeding thirteen months, 2 points were assessed because Barajas was on supervised release, and 1 point was added because he committed the instant offense less than two years after his release from prison. *See* USSG § 4A1.1(a), (d), (e). Thus, Barajas's guideline range was 57 to 71 months of imprisonment. *See* USSG Ch.5, Pt.A. The district court did not depart upward from the guideline range, but imposed a prison term of 66 months. Finally, we note that the plea agreement did not contain a provision concerning the length of the sentence.

Accordingly, we grant counsel's motion to withdraw, we deny the motion to seal the PSR as unnecessary, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.