89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin LOVEJOY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3968.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; ROSEN, District Judge.*
 
 ORDER
 
 2
 Marvin Lovejoy appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Lovejoy pleaded guilty to seven counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Lovejoy to 195 months of imprisonment and five years of supervised release. Lovejoy voluntarily dismissed his direct criminal appeal.
 
 
 4
 In 1992, Lovejoy, proceeding through counsel, filed a motion to vacate sentence under 28 U.S.C. § 2255. The district court denied the motion as meritless. On appeal, this court affirmed that determination. Lovejoy v. United States, No. 93-3112, 1993 WL 503760 (6th Cir. Dec. 8, 1993), cert. denied, 115 S.Ct. 180 (1994).
 
 
 5
 In 1995, Lovejoy filed his second motion to vacate, alleging that: 1) his arrest was the result of unlawfully obtained evidence; 2) he was improperly extradited from Michigan; 3) he was not given Miranda warnings prior to being interrogated; 4) he was denied the right to counsel during interrogation; 5) the prosecution presented false information to the grand jury; 6) the prosecution did not provide him with exculpatory evidence; 7) he did not voluntarily enter his guilty plea because he was given medication immediately prior to his change of plea hearing; 8) his plea was coerced; 9) he was not mentally competent to understand his plea; 10) he was not advised of the charges against him; 11) the plea agreement was not signed; 12) the district court did not determine that a factual basis supported his guilty plea; 13) the district court did not inform him of the effect of his relevant conduct on his sentence; 14) the district court did not inquire whether counsel had discussed the presentence investigation report with him; 15) the district court did not inform him of the mandatory minimum sentence; 16) he received ineffective assistance of counsel in the preparation of his first § 2255 motion; 17) the police lacked probable cause to arrest him; 18) his trial counsel perjured himself in an affidavit submitted to the court; and 19) an FBI agent perjured himself in another affidavit. The district court determined that Lovejoy's motion constituted an abuse of the writ and denied the motion. Lovejoy subsequently filed a motion for reconsideration, which the district court denied. Lovejoy has filed a timely appeal and requests permission to proceed in forma pauperis.
 
 
 6
 Upon review, we conclude that the district court properly denied Lovejoy's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 7
 We initially note that, of the claims originally raised in his motion to vacate, Lovejoy only argues on appeal that: 1) he did not voluntarily enter his guilty plea because he was given medication immediately prior to his change of plea hearing; 2) he was not mentally competent to understand the plea; and 3) his trial counsel and an FBI agent perjured themselves in their affidavits. Consequently, the remaining claims raised in his motion to vacate are considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In his reply brief on appeal, Lovejoy does raise his argument that the district court did not inform him of the mandatory minimum sentence. This court will not consider an issue raised for the first time on appeal in a party's reply brief. See United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.), cert. denied, 114 S.Ct. 279 (1993).
 
 
 8
 Lovejoy is barred from seeking relief on the claims he raises on appeal because he did not raise them in a direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255, unless Lovejoy demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Lovejoy has not argued cause for failing to raise his claims in a direct criminal appeal. Further, he suffered no prejudice because, as noted below, his claims are without merit.
 
 
 9
 Lovejoy's claims are also barred because they constitute an abuse of the writ. A petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, did not raise the claims at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 489-90 (1991). The court may still review abusive claims if it finds that the petitioner can show cause and prejudice to excuse his failure to raise the claims at the earlier opportunity. Id. at 493-94. Lovejoy argues that cause exists because counsel in his first § 2255 motion rendered ineffective assistance by not raising these issues at that time. However, a claim of ineffective assistance of counsel rendered in a post-conviction proceeding can never establish cause because no constitutional right to counsel exists in such proceedings. See Ritchie v. Eberhart, 11 F.3d 587, 591-92 (6th Cir.1993), cert. denied, 114 S.Ct. 1111 (1994). Further, Lovejoy has not demonstrated prejudice because his claims are without merit. Lovejoy also argues that the district court improperly failed to notify him that it was contemplating dismissing his case as an abuse of the writ. However, the government met its requirement of pleading abuse of the writ, see McCleskey, 499 U.S. at 494, which provided Lovejoy with sufficient notice that the district court would consider the issue.
 
 
 10
 Lovejoy's argument that his guilty plea was involuntary is without merit because the record does not reflect that he was under the influence of medication at the time. Further, the record reflects that he was competent to enter his guilty plea and that he entered it knowingly and intelligently. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Lastly, his claim that his trial counsel and an FBI agent submitted affidavits containing false information concerning his medicated status while hospitalized is conclusory and is insufficient to warrant § 2255 relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992), cert. denied, 507 U.S. 923 (1993).
 
 
 11
 Accordingly, we grant Lovejoy in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation