NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0071n.06

No. 24-3205

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 06, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL THOMAS,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

Before: BATCHELDER, BUSH, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, J., delivered the opinion of the court in which BATCHELDER and BUSH, JJ., concurred. BATCHELDER, J. (pp. 12–13), delivered a separate concurring opinion.

BLOOMEKATZ, Circuit Judge. Gabriel Thomas pleaded guilty to conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846. Ten months later, he moved to withdraw his guilty plea on the grounds that it was not knowing and voluntary. The district court denied Thomas's motion to withdraw his guilty plea and later sentenced him to ten years' imprisonment, the mandatory minimum for Thomas's crime.

Thomas now appeals. He raises three primary contentions on appeal. First, he argues that his guilty plea was not knowing and voluntary because the district court failed to comply with Federal Rule of Criminal Procedure 11. Second, he contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. Finally, he argues that he received ineffective assistance of counsel because his counsel failed to advocate for the safety-valve provision of the Sentencing Guidelines, which could have allowed Thomas to avoid application of

the mandatory minimum sentence. We hold that Thomas's guilty plea was knowing and voluntary and that the district court did not abuse its discretion in denying his motion to withdraw the plea. We decline to address Thomas's ineffective assistance of counsel claim on direct review because the record is insufficiently developed. We accordingly affirm.

## BACKGROUND

In 2019, the Hamilton County Sheriff's Office began investigating a drug trafficking organization that officers suspected was supplying drugs to local distributors in Cincinnati, Ohio. During that investigation, officers learned that a man named Gilberto Ojeda-Avila was working with a number of individuals, including Georgina Tapia-Llamas, to distribute drugs in the area. Investigators began tracking cell phones used by Tapia-Llamas and learned that she had traveled on several occasions to a residence owned by Gabriel Thomas and had stayed at a hotel room rented by him and other co-conspirators identified during the investigation.

After realizing Thomas's connection to Tapia-Llamas, officers obtained and executed an arrest warrant for him. The officers did not find Thomas in possession of any contraband, and they did not search his residence or his vehicle.

A grand jury indicted Thomas, along with a number of defendants involved in the alleged drug trafficking ring, with conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 28 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846. The government later filed superseding indictments, the third and final of which reflected the same single charge against Thomas of conspiracy to possess with intent to distribute fentanyl.

On October 3, 2022, Thomas pleaded guilty to the indictment without having reached any plea agreement with the government.

The district court conducted Thomas's plea proceedings pursuant to Federal Rule of Criminal Procedure 11. The court first asked Thomas whether he had "received a copy" of the operative indictment—the third superseding indictment—and had reviewed it with this attorney. Plea Tr., R. 301, PageID 1467. Thomas answered in the affirmative. The court next confirmed that Thomas believed he understood the charges against him and that he was aware that the penalties he faced "could involve a minimum term of ten years and a maximum term of life imprisonment." *Id.* at PageID 1469–70. The court then informed Thomas that it would determine an "appropriate sentence" based on the federal Sentencing Guidelines, "as well as consideration of other factors by statute." *Id.* at PageID 1472–73.

The court then turned to whether there was an adequate factual basis for the offense. The government informed the court that the government and Thomas's attorney had "come to an agreement" as to what would constitute an appropriate factual basis for the crime, and that Thomas was "prepared to read that [statement] into the record." *Id.* at PageID 1478. Thomas then read that prepared statement: "One co-conspirator named in the indictment sourced me 400 or more grams of fentanyl I paid or owed for. This happened in the Southern District of Ohio. I distributed or intended to distribute the drugs." *Id.* at PageID 1478–79.

The court found that Thomas had made his guilty plea knowingly and voluntarily and accepted the plea.

On August 17, 2023, over ten months after pleading guilty, Thomas filed a motion to withdraw his plea.[1] Thomas principally argued that he was not able to adequately review discovery

---

[1] A few months after Thomas pleaded guilty, Thomas's counsel withdrew from representing him, and he was appointed new counsel. Thomas filed his motion to withdraw his plea while being represented by his new attorney.

and was unaware that he had faced a mandatory minimum sentence until he reviewed the presentence investigation report that had been prepared for him only after he pleaded guilty.

The district court held a hearing and denied Thomas's motion to withdraw his guilty plea. In denying Thomas's motion, the district court noted that Thomas had not pleaded guilty until two years after he had first been indicted; in the court's view, Thomas accordingly had ample opportunity to review discovery and familiarize himself with the possible criminal penalties he faced. The court also emphasized that Thomas had waited ten months to file his motion to withdraw his guilty plea and that Thomas had never asserted that he sought to withdraw his plea on the grounds that he believed he was innocent.

During the hearing, the district court referenced the presentence investigation report that had been prepared for Thomas. That report stated that Thomas was subject to a mandatory minimum ten-year sentence. Referencing that mandatory sentence, the district court asked Thomas's new counsel whether his client qualified for the safety-valve provision of the Sentencing Guidelines, which would have permitted the district court to impose a sentence below the mandatory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). Thomas's counsel indicated that he did not know whether his client qualified for the safety-valve provision.

The case then proceeded to sentencing. At sentencing, the district court explained to Thomas that there were "ways" that he could avoid the "mandatory minimum sentence" by negotiating with the government, but that the district court could not involve itself with that issue— it was between Thomas, his counsel, and the government. Sent'g Tr., R. 351, PageID 1987–88. The court then offered to recess the sentencing to give Thomas "an opportunity to engage in further negotiations with the government, if the government is so willing." *Id.* at PageID 1987. Thomas and his counsel conferred off the record, and Thomas's counsel then informed the court that

Thomas wanted to proceed with the sentencing. The district court imposed the mandatory minimum ten-year sentence.

Thomas now appeals.

## ANALYSIS

### I.      Knowing and Voluntary Plea

A guilty plea is valid if it was entered knowingly, voluntarily, and intelligently. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Thomas argues that his guilty plea was not knowing and voluntary because the district court violated the requirements of Federal Rule of Criminal Procedure 11, which governs the circumstances under which a district court should accept a defendant's plea. Thomas contends that the district court failed to ensure that Thomas understood the nature of the charges against him, in violation of Rule 11(b)(1)(G); erred in determining that Thomas's plea had an adequate factual basis, in violation of Rule 11(b)(3); and failed to adequately advise Thomas—as required by Rule 11(b)(1)(M)—of the court's obligation to calculate the Sentencing Guidelines range and to consider that range and related sentencing issues under 18 U.S.C. § 3553(a).

Thomas failed to object during his plea colloquy to the district court's alleged violations of Rule 11, so our review is for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004). To demonstrate plain error, a defendant must show "(1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007) (citation omitted). A defendant can demonstrate that a district court's "plain error under Rule 11" affected his substantial rights only by showing a "reasonable

probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83.

Thomas fails to meet this standard.

### A. Rule 11(b)(1)(G)

Thomas first contends that the district court failed to ensure that he understood the elements of the offense to which he was pleading guilty, in violation of Rule 11(b)(1)(G). Rule 11 requires the district court to ensure that the defendant understands "the nature of [the] charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). When a defendant pleads guilty, that defendant is admitting all the elements of the formal criminal charge against him, so the defendant must "have knowledge of all those elements." *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992). "At a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004).

The record demonstrates that Thomas had adequate knowledge of the elements of the crime to which he pleaded guilty. We have previously explained that "providing the defendant with a copy of the indictment prior to his plea of guilty creates a presumption" that he was "informed of the nature of the charge against him." *United States v. Lalonde*, 509 F.3d 750, 760 (6th Cir. 2007). Here, the district court confirmed that Thomas had received a copy of the operative indictment, and Thomas offers nothing to rebut this presumption. He contends that he lacked adequate knowledge of the criminal justice system to be able to comprehend the charges against him. But after ensuring that Thomas had received the indictment, the district court confirmed that Thomas had discussed it with his attorney. A representation on the record that defense counsel has explained the indictment is sufficient to show that a defendant had notice of the charges against

him. *See Marshall v. Lonberger*, 459 U.S. 422, 436 (1983); *see also Lovejoy v. United States*, 14 F.3d 601 (6th Cir. 1993) (unpublished table decision). And after confirming that Thomas had reviewed the indictment with his attorney, the district court also directly asked Thomas whether he believed that he understood the "charge against" him. Plea Tr., R. 301, PageID 1469. Thomas confirmed that he did. The district court, in other words, expressly confirmed that Thomas understood the crime to which he was pleading guilty.

### B.      Rule 11(b)(3)

We turn next to Thomas's related argument that the district court violated Rule 11(b)(3)'s requirement that the district court "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Rule 11(b)(3) exists to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Lalonde*, 509 F.3d at 762 (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). To determine that the plea had an adequate factual basis, the district court must examine "the relation between the law and the acts the defendant admits having committed." *McCarthy*, 394 U.S. at 467.

Here, the factual basis for Thomas's plea consisted only of a three-sentence statement that Thomas read during the plea proceeding; the government did not explain the facts underlying Thomas's alleged crime. We recognize that Thomas's statement of facts was quite short. But we need not decide whether that terse statement was sufficient to satisfy Rule 11(b)(3) because we hold that Thomas cannot demonstrate plain error. Thomas has made no showing of a "reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83. Indeed, he does not argue on appeal that he would not have entered the plea but for this

error. Nor does he explain how a more robust factual basis for his plea could have changed his calculus as to whether to plead guilty. *Id.*

### C.    Rule 11(b)(1)(M)

Thomas also argues that the district court violated Rule 11(b)(1)(M). That rule requires the court to inform the defendant of the court's obligation, while "determining a sentence," to "calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(M).

Here, the district court explicitly informed Thomas of its obligation to calculate the federal Sentencing Guidelines range and to consider sentencing factors and possible departures. Thomas nonetheless contends that the district court violated Rule 11(b)(1)(M) by failing to inform him that the safety-valve provision of the Sentencing Guidelines, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), could perhaps be applicable in his case. But the plain text of Rule 11(b)(1)(M) requires the district court to explain only its obligation to *consider* possible departures under the Sentencing Guidelines—not to explain to the defendant which departures could conceivably be available in his case. *See United States v. Austin*, 830 F. App'x 460, 463–64 (6th Cir. 2020) (explaining that Rule 11(b)(1)(M) "does not require the court to inform the defendant of the precise applicable sentencing range at the time of the plea hearing"). The district court complied with Rule 11(b)(1)(M).

We hold that Thomas has failed to demonstrate that the district court committed plain error under Rule 11.

**II.      Thomas's Motion to Withdraw His Guilty Plea**

Thomas next contends that the district court erred in denying his motion to withdraw his guilty plea. In that motion, Thomas argued that he was not able to adequately review discovery before pleading guilty and that he was not aware that he faced a mandatory minimum sentence until he reviewed the presentence investigation report.

A defendant may withdraw a guilty plea after the court accepts the plea, but before it imposes a sentence, if the defendant can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant bears the burden of demonstrating such a reason. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). Whether to grant a motion to withdraw a guilty plea is "a matter within the broad discretion of the district court," so we accordingly review the district court's denial of Thomas's motion for abuse of discretion. *Valdez*, 362 F.3d at 912.

We have explained that in deciding whether to permit a defendant to withdraw his guilty plea, courts should consider, among other things, the following factors:

> (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.

*Id.*

Examining these factors, we hold that the district court did not abuse its discretion in denying Thomas's motion to withdraw. Most significantly, Thomas waited a substantial amount of time—over ten months—to file his motion to withdraw, and he does not explain why the "grounds for withdrawal were not presented to the court at an earlier time." *Id.* As he did in his

motion to withdraw in the district court, Thomas argues on appeal that his delay was justified because he was not able to review discovery and was "unaware" of the mandatory minimum sentence he faced until he reviewed the presentence investigation report. Appellant Br. at 36. But Thomas had over two years between when he was indicted and when he pleaded guilty to review discovery, and the first presentence investigation report was filed over eight months before Thomas moved to withdraw his guilty plea. We have found that unjustified delays much shorter than ten months weighed strongly against allowing withdrawals. *See, e.g.*, *Valdez*, 362 F.3d at 913 (explaining that the defendant's "unjustified 75-day delay, alone, supported the court's denial" of his motion to withdraw); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (noting that the "sixty-seven day delay between the motion and the plea, and [the defendant's] failure to justify this extensive delay," were the "strongest factors" supporting the district court's denial of the motion to withdraw). Additionally, Thomas has never "maintained his innocence." *Valdez*, 362 F.3d at 912.

On appeal, Thomas primarily argues that the district court erred in denying his motion to withdraw because "the circumstances underlying" the entry of his guilty plea weighed in favor of allowing withdrawal, emphasizing that the factual basis for his crime was insubstantial. *Id.* We do not think the district court abused its discretion in concluding that Thomas's substantial, unjustified delay outweighed any possible irregularities in the factual basis for his plea. And, in any event, Thomas's claim that his plea was invalid because of an insufficient factual basis fails for the reasons we have explained.

## III.     Ineffective Assistance of Counsel

Finally, Thomas argues that he was denied effective assistance of counsel because his trial counsel failed, at sentencing, to seek application of the safety-valve provision of the Sentencing

Guidelines, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), and thereby deprived Thomas of his only opportunity to avoid the mandatory minimum ten-year sentence he faced. Under the safety-valve provision, a defendant may avoid a statutory mandatory minimum sentence if the defendant can show that he meets five conditions, *see* 18 U.S.C. § 3553(f), including, among other things, that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information . . . the defendant has concerning" his criminal offense, *id.* § 3553(f)(5).

We think that the record is insufficient to resolve Thomas's ineffective assistance claim at this juncture. We generally do not resolve ineffective assistance of counsel claims on direct review because there typically has not been an adequate opportunity for the defendant to "develop and include in the record evidence bearing on the merits of the allegations." *United States v. Franco*, 484 F.3d 347, 354 (6th Cir. 2007) (citation omitted). To show that his counsel was constitutionally ineffective, Thomas must demonstrate both that his counsel's performance was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record is insufficiently developed to allow us to address either *Strickland* prong. We do not know the full scope of counsel's communications with Thomas, nor can we assess whether Thomas would ultimately have been found eligible for relief under the safety-valve provision. *See United States v. Patton*, 538 F. App'x 699, 705 (6th Cir. 2013).

Thomas may raise his ineffective assistance of counsel claim in a post-conviction proceeding under 28 U.S.C. § 2255.

## CONCLUSION

We affirm Thomas's conviction and hold that Thomas may not raise his ineffective assistance of counsel claim on direct review.

**ALICE M. BATCHELDER, Circuit Judge, concurring.**

I concur in the majority opinion, and write separately merely to emphasize the defendant's and the government's role in the application of the safety-valve provision. *See* U.S.S.G. § 5C1.2(a)(5) ("not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has"); 18 U.S.C. § 3553(f) ("if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that . . . the defendant has truthfully provided to the Government all information and evidence the defendant has"); *United States v. Reinberg*, 62 F.4th 266, 268 (6th Cir. 2023) ("Indeed, the safety valve imposes an affirmative obligation on the defendant to disclose relevant information. That's because the safety valve applies only to those defendants who truly cooperate." (quotation marks, editorial marks, and citations omitted)); *United States v. Barron*, 940 F.3d 903, 917 (6th Cir. 2019) ("In order to satisfy the fifth criterion of the safety-valve provision, a defendant may have to do more than merely answer all questions posed by the government. The provision clearly requires an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." (quotation marks, editorial marks, and citations omitted)).

The record here reflects that Thomas did not affirmatively disclose any information to the government and, in fact, when offered the opportunity to do so, declined. As the majority aptly recognizes, we do not know how counsel advised Thomas in this regard and therefore cannot decide the overall ineffective-assistance accusation at this stage. But to the extent that Thomas claims ineffective assistance because at the sentencing hearing his counsel did not advocate for application of the safety-valve provision, that claim fails as a matter of law. Given that Thomas

had not disclosed any information to the government, counsel's failure to advocate for the safety valve was neither deficient performance nor prejudicial.

With this additional clarification, I concur in the majority's opinion and judgment.